

# In the Court of Criminal Appeals of Texas

No. WR-92,482-01

EX PARTE TERESA LYNN GRINSTEAD,

*Applicant*

On Application for Writ of Habeas Corpus
In Cause No. F44452-A in the 413th District Court
From Johnson County

YEARY, J., filed a dissenting opinion.

Applicant pled guilty to two counts of obtaining a controlled substance by fraud, a third-degree felony. TEX. HEALTH & SAFETY CODE § 481.129(a). The maximum period of community supervision authorized for her case was five years. *See* former TEX. CODE CRIM. PROC. art. 42.12 § 3(b)(2)(B) (2010) (recodified as TEX. CODE CRIM. PROC. art. 42A.053 § (d)(2)(B)(ii)) ("(b) In a felony case . . . the maximum period of community

supervision is . . . (2) five years, for the following third degree felonies . . . (B) a third degree felony under Chapter 481, Health and Safety Code.").

Still, the trial court placed her on community supervision for ten years. Applicant now claims that the trial court lacked jurisdiction when it revoked her community supervision more than five years into her ten-year supervision period. The Court agrees, and so it grants relief, invoking the Court's decision in *Ex parte Lozoya*, 666 S.W.3d 618 (Tex. Crim. App. 2023). Majority Opinion at 2–3.

For the reasons stated in my dissenting opinion in *Lozoya*, I respectfully dissent to the Court's decision. *See* 666 S.W.3d at 631 (Yeary, J., dissenting) ("In my view, Applicant should be expected to have preserved the claim by objection in the trial court and, even if not timely preserved there, at least to have raised it on direct appeal from the revocation proceeding.").

**FILED:**                          September 13, 2023
**DO NOT PUBLISH**